O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#20/21/22/25/33**
**Nov. 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6067 PSG (PJWx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Jonathan E. Samuels v. Wells Fargo Bank, NA, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's motion to amend his Complaint, DENYING Plaintiff's ex parte application for a temporary restraining order or preliminary injunction, DENYING Plaintiff's requests for notice of lis pendens, and DENYING AS MOOT Defendant's motion to dismiss and Plaintiff's related filings**

Among the numerous motions pending before the Court is Plaintiff's motion to amend his complaint currently scheduled for hearing on November 7, 2011. Having considered the moving papers filed in support of and in opposition to that motion, the Court hereby advances the hearing, finds all matters appropriate for decision without oral argument, and GRANTS Plaintiff's motion to amend his complaint. *See* Fed. R. Civ. P. 78; L.R. 7-15. As discussed below, the Court also DENIES Plaintiff's ex parte application, DENIES Plaintiff's numerous requests for notice of lis pendens, and DENIES AS MOOT Defendant's motion to dismiss and Plaintiff's related filings.

I.     Background

*Pro se* Plaintiff Jonathan E. Samuels ("Plaintiff") brings the present action against Defendant Wells Fargo Bank, NA ("Wells Fargo") in connection with his allegedly wrongful foreclosure. In general, Plaintiff's claims are based on allegations that Wells Fargo acted without authorization in conducting the foreclosure proceedings. On August 10, 2011, Wells Fargo filed a motion to dismiss Plaintiff's complaint and calendared the motion for hearing on September 26, 2011. *See* Dkt #20. Instead of opposing the motion, Plaintiff mistakenly filed a "motion in opposition to Defendant's motion to dismiss" and scheduled the motion for hearing on October 31, 2011. On the day scheduled for a hearing on Defendant's motion, Plaintiff filed

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#20/21/22/25/33**
**Nov. 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6067 PSG (PJWx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Jonathan E. Samuels v. Wells Fargo Bank, NA, *et al.* | | |

the present motion for leave to amend his complaint.  *See* Dkt #25.  Plaintiff also filed a "first amended motion" to the "motion in opposition to Defendants' motion to dismiss," and an actual (albeit belated) opposition to Defendant's motion.  *See* Dkt #27, 28.  The Court took Defendant's motion to dismiss under submission.  *See* Dkt #24.  Finally, Plaintiff filed an ex parte application for a temporary restraining order or preliminary injunction on September 30, 2011, along with multiple requests for notice of lis pendens.  *See* Dkt # 33 (ex parte application), 22, 26, 27, 28, 29, 31, 38.

For the following reasons, the Court GRANTS Plaintiff leave to amend his complaint.

II.   Plaintiff's Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the district court "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, leave to amend should be granted with "extreme liberality."  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Indeed,

> [i]n the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Eminence Capital*, 316 F.3d at 1052 (citing *Foman*).  "Unless it is absolutely clear that no amendment can cure the defect...a pro se litigant is entitled to...an opportunity to amend...."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Leave to amend should be granted if the court can "conceive of facts" that would render the claim viable.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

Plaintiff's claims rest on supposed defects in the foreclosure process and on Wells Fargo's purported lack of a valid ownership interest in Plaintiff's property.  Plaintiff seeks leave to amend so that he may "correct the Complaint for proper pleadings to more clearly and concisely state claims," "plead additional factual allegations," and include new "information that Plaintiff has learned since the filing of its original complaint."  *See Mot. to Amend,* 2:13-25.  The Court can conceive of facts which would render Plaintiff's claims viable.  Whether Plaintiff's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#20/21/22/25/33**
**Nov. 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6067 PSG (PJWx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Jonathan E. Samuels v. Wells Fargo Bank, NA, *et al.* | | |

actual allegations are commensurate with such facts remains to be shown; however, as this is Plaintiff's first request for leave to amend, the Court cannot say with absolute clarity that the present deficiencies will not be cured by the proposed amendment, or that Plaintiff has repeatedly failed to do so. As a pro se litigant, Plaintiff is therefore entitled to amend his complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

The remaining *Foman* factors similarly weigh in Plaintiff's favor on the present record. First, it is unlikely that allowing Plaintiff to amend his complaint will prejudice the Defendant. Although Defendant's motion to dismiss is pending, given the permissive amendment standard detailed above even a favorable ruling on that motion would result in dismissal with leave to amend. *See Silva v. Di Vittorio*, --- F.3d ----, 2011 WL 4436248, at *11 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.1988)). No case management conference has been scheduled and Defendant remains free to seek discovery. *See Mot. to Amend* 4:16-28. Because this case is still in its early stages, this factor weighs in favor of granting Plaintiff's request. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (reversing the district court and granting a pro se litigant leave to amend where such amendment would not be futile and trial had not begun). Finally, Wells Fargo does not argue Plaintiff is guilty of undue delay, bad faith or a dilatory motive. *See Opp. to Mot. to Amend*.

For the foregoing reasons, the Court grants Plaintiff's request for leave to amend his complaint. The Court next considers Plaintiff's ex parte application for a temporary restraining order or preliminary injunction, as well as Plaintiff's multiple requests for notice of lis pendens.

III.   Ex Parte Application and Requests for Notice of Lis Pendens

Plaintiff brought an ex parte application on September 30, 2011, seeking a temporary restraining order and preliminary injunction against the sale of his property. The law on ex parte applications is well-settled in this circuit. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20/21/22/25/33
Nov. 7 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6067 PSG (PJWx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Jonathan E. Samuels v. Wells Fargo Bank, NA, *et al.* | | |

The sale Plaintiff seeks to enjoin took place a year ago on October 28, 2010. *See Compl.* 3:14-18. Moreover, Plaintiff has not been in possession of the property since he was evicted in April, 2011. *See id.* 4:2-3. Plaintiff is not in danger of losing his home; that happened months ago. Accordingly, the Court agrees with Wells Fargo's contention that Plaintiff seeks ex parte relief "against the prospect of [an] irreparable loss" that occurred some time ago. *See Def. Ex. Parte Opp.* 2:8. Because Plaintiff fails to establish any immediate crisis entitling him to "go to the head of the line," Plaintiff's ex parte application is denied. *See Mission Power*, 883 F. Supp. at 492.

The Court also summarily denies Plaintiff's multiple filings for notice of lis pendens and directs Plaintiff's attention to Rule 11 of the Federal Rules of Civil Procedure. While the Court declines to issue sanctions at this time, the Court wishes to inform Plaintiff that his practice of filing multiple successive motions seeking the same relief is both unnecessary and inappropriate. *See* Dkt #22, 26, 27, 28, 29, 31, 38. Plaintiff is hereby on notice that if such practices continue, or if Plaintiff files any other motions unsupported by fact or law, the Court will issue sanctions, including monetary sanctions, striking the pleadings, or dismissing the case in its entirety.

IV.   Defendant's Motion to Dismiss

Because Plaintiff has been granted leave to file an amended complaint, the Court denies as moot Defendant's motion to dismiss and all related filings. This includes Plaintiff's improperly filed "motions in opposition to Defendants' motion to dismiss" scheduled for hearing on October 31, 2011, as well as Plaintiff's actual belated opposition to Defendant's motion. *See* Dkt #25, 27, 28.

V.   Conclusion

Based on the foregoing, Plaintiff's Motion to Amend his Complaint is GRANTED; Plaintiff's ex parte application for a temporary restraining order or preliminary injunction is DENIED; Plaintiff's requests for notice of lis pendens are DENIED; and Defendant's motion to dismiss and Plaintiff's related "motions in opposition" are DENIED AS MOOT. Plaintiff has until **November 18, 2011** to file and amended complaint. Failure to do so will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#20/21/22/25/33**
**Nov. 7 hrg vacated**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6067 PSG (PJWx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Jonathan E. Samuels v. Wells Fargo Bank, NA, *et al.* | | |